ANDREW Y. PIATNICIA (Bar No. 174691)
andy@piatnicialegal.com

Piatnicia Legal
5339 Prospect Rd., No. 194
San Jose, CA  95129
(408) 641-1747

Attorney for Plaintiffs
Asus Computer International
ASUSTeK Computer Inc.

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| ASUS COMPUTER INTERNATIONAL AND ASUSTEK COMPUTER INC.<br><br>      Plaintiffs,<br><br>   v.<br><br>EXOTABLET LTD.<br>                  Defendant. | Case No. 5:14-cv-1743<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT** |

**COMPLAINT Case No. 5:14-cv-1743**

Plaintiffs ASUS Computer International and ASUSTeK Computer Inc. (collectively "Plaintiffs or "ASUS"), for their Complaint against Defendant ExoTablet, LTD ("Defendant" or "ExoTablet"), allege as follows:

## INTRODUCTION

1. ASUS products are found in a variety of categories of information technology, including PC components and peripherals, notebooks, tablets, servers and smartphones.

2. Some of ASUS's products include the Nexus 7 tablet, the TAICHI (an Ultrabook with a double-sided display that allows it to be used as a tablet when the lid is closed), the Transformer Book (a tablet that can be docked to a keyboard for transformation into an Ultrabook), and most recently, the PadFone X (a combination smartphone and tablet).

3. ExoTablet has accused ASUS's PadFone of infringing ExoTablet's patent. Plaintiffs bring this lawsuit to protect the PadFone X product from ExoTablet's unjustified allegations of infringement.

## NATURE OF THIS ACTION

4. This action arises under 28 U.S.C. §§ 1331, 2201, and 2202, and the United States Patent Act, 35 U.S.C. § 100 *et seq.*

5. Plaintiffs bring this action for a declaration that that the PadFone X does not infringe the claims of ExoTablet's U.S. Patent No. 7,477,919 ("the '919 Patent").

## PARTIES

6. Plaintiff ASUSTeK Computer Inc. ("ASUSTeK") is a Taiwan corporation with its principal place of business at 15 Li-Te Road, Beitou District, Taipei 112, Taiwan. ASUSTeK is a designer and developer of computers and other consumer electronic products including the PadFone X.

7. Plaintiff ASUS Computer International ("ACI") is a California corporation with its principal place of business at 800 Corporate Way, Fremont, California 94539. ACI is a wholly-owned subsidiary of ASUSTeK and sells ASUSTeK products under the ASUS brand name.

8. On information and belief, Defendant ExoTablet Ltd., is a United Kingdom company with its principal place of business at Temple House, 20 Holywell Row, London EC2A

1

**COMPLAINT Case No. 5:14-cv-1743**

4XH, United Kingdom.

## U.S. PATENT NO. 7,477,919

9. The '919 Patent is entitled "Handheld Input/Output Device Providing Enhanced User Interface for a Mobile Telephone," and states on its face that it was invented by Peter Warren. A copy of the '919 Patent is attached hereto as Exhibit A. The '919 Patent issued on January 13, 2009, from application no. 11/849,454, which was filed on September 4, 2007.

## JURISDICTION AND VENUE

10. This action arises under the Patent Laws of the United States of America, 35 U.S.C. § 100 *et seq*.

11. This Court has subject matter jurisdiction over ASUS's declaratory judgment claims pursuant to 28 U.S.C. §§ 2201 and 2202 because an immediate and substantial controversy exists between ASUS and ExoTablet with respect to the PadFone X's non-infringement of the '919 Patent. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this is a civil action arising under the Patent Act.

12. An actual and justiciable controversy between ASUS and ExoTablet exists based on ExoTablet's repeated assertions to ASUS and ASUS's customer, AT&T, that the PadFone X infringes claims of the '919 patent. Absent a declaration of non-infringement, ExoTablet will continue to wrongfully allege infringement of the '919 Patent by the PadFone X.

13. ASUSTeK develops the PadFone X, and ACI plans to import and market the PadFone X in the United States.

14. Personal jurisdiction and venue are proper in this District pursuant to 28 U.S.C. § 1391. This Court has specific personal jurisdiction over ExoTablet because the cause of action for declaratory judgment arises from ExoTablet's contacts with California. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims at issue occurred in this judicial district, and because ExoTablet is subject to personal jurisdiction within this judicial district.

15. On June 6, 2012, Stephen R. Risley, counsel for ExoTablet, met with representatives for ASUSTeK in Taiwan and discussed ExoTablet's contention that ASUS's

2

PadFone "infringes one or more claims" of the '919 Patent. The following day, Mr. Risley sent ASUSTeK an email reasserting ExoTablet's infringement allegations based on ExoTablet's claim chart that, according to ExoTablet, sets forth the PadFone's infringement of the '919 Patent.

16. On June 27, 2012, Peter Warren, the named inventor on the '919 patent, sent a letter to ASUSTeK, ACI (headquartered in Fremont, California), and ASUS's customer AT&T asserting that the PadFone "unquestionably" infringes the '919 Patent. Shortly thereafter, on July 3, 2012, a representative from ACI in Fremont, California, responded to Mr. Warren's letter that ACI would investigate ExoTablet's claims.

17. On August 3, 2012, Mr. Risley sent a letter to AT&T stating that "should AT&T import, make, use, offer for sale, and/or sell the Asus PadFone in the United States, AT&T will infringe at least claims 1, 2, 7, 14, and 19 of U.S. Patent No. 7,477,919, perhaps other claims of the '919 Patent…."

18. On August 9, 2013, Mr. Risley sent a letter to representatives for ASUS repeating ExoTablet's assertion that the "Asus' PadFone devices infringe one or more claims" of the '919 patent and threatened to sue ASUS for patent infringement if ASUS attempted to sell the PadFone in the United States. In that letter, Mr. Risley also stated that ExoTablet intended to launch its own product, the "TransPhone."

19. On February 18, 2014, Mr. Risley emailed AT&T stating that AT&T will be willfully infringing at least ExoTablet's '919 Patent should AT&T choose to offer for sale and/or sell the AT&T PadFone X in the United States.

20. Responding in an email on March 10, 2014, AT&T's representative suggested that ExoTablet discuss directly with ACI in Fremont, California, and ASUSTeK in Taiwan ExoTablet's infringement allegations.

21. In response to AT&T's email, on March 13, 2014, Mr. Risley again contacted ASUS by email in which he identified the PadFone X and stated that "ExoTablet has and continues to believe that Asus's PadFone devices infringe at least ExoTablet's U.S. Patent No. 7,477,919 (attached)." Mr. Risley requested that ASUS "contact [him] **immediately** to see if there is a way to resolve this matter amicably."

22. On March 14, 2014, in response to Mr. Risley's email of March 13, 2014, ACI's in-house counsel in Fremont, California, responded that ASUS had recently retained outside counsel for the matter and suggested a meeting to discuss the details of ExoTablet's infringement assertions. On March 15, 2014, Mr. Risley confirmed ExoTablet's desire to meet with ACI on March 20, 2014.

23. On March 20, 2014, Mr. Risley met with ACI's in-house counsel and ASUS's outside counsel at ACI headquarters in Fremont, California.

24. At the meeting, the parties' discussion included the '919 patent, ExoTablet's allegation that ASUS's PadFone X infringes claims of the '919 Patent, and ExoTablet's monetary demands.

25. At the meeting, ExoTablet informed ASUS that ExoTablet owns only three patents that are relevant to ASUS: U.S. Patent Nos. 6,999,792; 7,266,391; and 7,477,919.

26. However, ExoTablet told ASUS that, as of now, it asserts infringement of only claims 1, 2, 7, 14, 19 of the '919 patent, and only against the PadFone X.

27. The parties discussed ExoTablet's interpretation of claim 1 of the '919 patent and related portions of the specifications including: the scope of the term "input/output device" and support in the specification for the term "handheld."

28. ExoTablet showed its infringement charts alleging infringement of the PadFone X based on the claims of the '919 patent.

29. ExoTablet alleged that infringement of the '919 patent is a "slam dunk."

30. ExoTablet also stated its monetary licensing demands: $8.5 million for a non-exclusive license and $17 - $20 million for an exclusive license, depending on the scope of the exclusive license and with ExoTablet retaining the right to practice the patent with its own product.

31. Alternatively, ExoTablet demanded $15 per PadFone X for a non-exclusive license and $30 per PadFone X for an exclusive license.

32. Following the meeting on March 24, 2014, Mr. Risley called ACI's in-house counsel and proposed further discussions.

33. Mr. Risley followed up by email to inform ACI's in-house counsel that "[a]s we

4

briefly discussed earlier today, the offer(s) and associated licensing/settlement numbers ExoTablet provided to Asus at our meeting on Thursday, March 20, 2014 expire and are withdrawn at 5:00 pm Pacific time this Friday, March 28, 2014."

34. Then on March 27, 2014, ASUS's business attorney located in the San Francisco Bay Area introduced herself to Mr. Risley by email and proposed further discussion in the coming weeks.

35. Mr. Risley replied the same day claiming that "there is no legitimate reason as to why Asus cannot respond to ExoTablet's settlement proposal(s) by Friday, March 28, 2014, if Asus really wanted to."

36. Subsequently, ASUS's business attorney again reached out to ExoTablet. She and Mr. Risley spoke by telephone. But ExoTablet remained firm about its financial demands.

## INTRA-DISTRICT ASSIGNMENT

37. Pursuant to Civil Local Rules 3-5(b) and 3-2(c), because this action is an intellectual property action, it is properly assigned to any of the divisions in this District.

## CLAIMS FOR RELIEF

## COUNT I

**(Declaratory Judgment of Non-Infringement of U.S. Patent 7,477,919)**

38. ASUS re-allege and incorporate by reference the allegations of paragraphs 1 - 36 as relevant to this Count.

39. ExoTablet is the current assignee of the '919 Patent.

40. As set forth above, an actual controversy exists between ASUS and ExoTablet as to infringement of the '919 Patent. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Plaintiffs request the declaration of the Court that ASUS's PadFone X does not infringe either literally or under the doctrine of equivalents, either directly or indirectly any claim of the '919 Patent under 35 U.S.C. §271. Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

    A.    Judgment in ASUS's favor on all claims for relief;

    B.    A declaration in favor of ASUS that the PadFone X does not directly or indirectly infringe (whether literally or under the doctrine of equivalents) the claims of U.S. Patent No. 7,477,919;

    C.    An order that ExoTablet pay all costs and expenses associated with this action; and

    D.    An award of such other and further relief as the Court may deem just and proper.

Dated: April 16, 2014

                                                      Respectfully submitted,

                                          By:    */s/ Andrew Y. Piatnicia*
                                                        Andrew Y. Piatnicia
                                                        Attorney for Plaintiffs,
                                                        ASUS Computer International
                                                        ASUSTeK Computer Inc.